# EXHIBIT A

Richard J. Tracy, Esq., #079152013
**SCHILLER, KNAPP, LEFKOWITZ & HERTZEL, LLP**
A LLP Formed in the State of New York
30 Montgomery Street, Suite 1205
Jersey City, NJ 07302
(518) 786-9069
Attorneys for Plaintiff
15-21412

---

| | |
|---|---|
| E*TRADE BANK, <br><br> Plaintiff <br><br> vs. <br><br> PETER J. CRESCI; MRS. PETER J. CRESCI, fictitious spouse of PETER J. CRESCI; JENNIFER L. CRESCI; MR. JENNIFER L. CRESCI, fictitious spouse of JENNIFER L. CRESCI; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION s/b/m BANK ONE, N.A.; STATE OF NEW JERSEY; "John Doe #1-50" and "Mary Roe #1-50," said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein, <br><br> Defendant (s) | **SUPERIOR COURT OF NEW JERSEY** <br> CHANCERY DIVISION <br> HUDSON COUNTY <br><br> Docket No.: F- <br><br> <u>**CIVIL ACTION**</u> <br><br> **COMPLAINT <br> IN FORECLOSURE** |

---

The Plaintiff, E*TRADE BANK ("Plaintiff") complaining of the defendants, by and through its attorney(s), Schiller, Knapp, Lefkowitz & Hertzel, LLP, alleges as follows:

1. That Plaintiff, E*TRADE BANK, has a principal place of business at 671 North Glebe Road, 16th Floor, Arlington, VA 22203.

2. Upon information and belief, the defendants set forth in Exhibit "A" of this complaint reside at or have a place of business at the address set forth therein or, if a corporation, it was organized

1

and is existing under and pursuant to the laws of the state set forth therein, and are made defendants in this action in accordance with the interests set forth therein.

3. That the United States of America, the People of the State of New Jersey, the State Tax Commission of the State of New Jersey, and all other agencies or instrumentalities of the Federal, State or a local government, if made defendants in this action, are named as defendants solely by reason of the matter set forth in Exhibit "A" of this complaint.

4. Upon information and belief, after due inquiry Plaintiff has been unable to ascertain the marital status of PETER J. CRESCI and if married the proper given name of his / her spouse and therefore MRS. PETER J. CRESCI, fictitious spouse of PETER J. CRESCI is set forth herein and made a party defendant hereto for any right, title or interest he / she may claim or have in and to the mortgaged premises as set forth in Exhibit "A" of this complaint.

5. Upon information and belief, after due inquiry Plaintiff has been unable to ascertain the marital status of JENNIFER L. CRESCI and if married the proper given name of his / her spouse and therefore MR. JENNIFER L. CRESCI, fictitious spouse of JENNIFER L. CRESCI is set forth herein and made a party defendant hereto for any right, title or interest he / she may claim or have in and to the mortgaged premises as set forth in Exhibit "A" of this complaint.

6. Upon information and belief, that the defendants, "John Doe #1-50" and "Mary Roe #1-50," it being the intention of Plaintiff to so designate any occupants of the mortgaged premises commonly known as 832-838 Avenue A a/k/a 917 Kennedy Blvd, Bayonne, New Jersey, 07002 as more fully described in Exhibit "B" who are not otherwise specifically named in Exhibit "A," if named in the caption to this complaint, is or are a tenant or tenants occupying the premises, or some part thereof, solely as a tenant or tenants, and that he has no interest in said premises except as a tenant or tenants. The term tenant shall include licensee, lessee or the holder of any like interest.

# FIRST COUNT
## (Foreclosure)

7. That on or about May 24, 2004, Plaintiff's predecessor in interest, First Guaranty Mortgage Corporation ("Lender"), made a Loan to ("Borrower(s)") PETER CRESCI in the original principal amount of $350,000.00 (the "Loan").

8. To evidence its indebtedness under the Loan, on or about May 24, 2004, Borrower(s) / Obligor(s) PETER CRESCI duly executed and delivered to Lender / Obligee a certain Adjustable Rate promissory Note in the original principal amount of $350,000.00, payable in initial monthly installments of principal and interest in the amount of $1,312.50 to be paid on the first day of each and every month beginning on July 1, 2004, and continuing to the first "Change Date" of June 1, 2007, with an initial fixed interest rate of 4.500% per annum (the "Interest Rate"). On June 1, 2007, the initial fixed interest rate will change to an adjustable interest rate, which will change on that day every twelfth month thereafter; monthly payments of principal and interest are due, as set forth below:

   a. Beginning on June 1, 2007, the first occurrence of the Note's Change Date, the interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market, as published in the Wall Street Journal.

   b. Subsequent interest Change Dates shall occur every twelfth month thereafter;

   c. Before each Change Date, the Note Holder will calculate a new interest rate by adding a margin of two and one quarter percentage points (2.250%) to the current

3

Index and rounding the sum to the nearest one-eighth of one percentage point (0.125%).

    d. Any principal and interest remaining on the first day of June 2034, which is the "Maturity Date," is due and owing.

9. That the Borrower(s) PETER CRESCI did in fact receive such loan in the principal amount as stated in the Note, and Plaintiff's predecessor in interest did advance said sum to said Borrower(s).

10. To secure payment of the obligation under the Note, on or about May 24, 2004, the Borrower(s) / Mortgagor(s), PETER CRESCI and JENNIFER C. CRESI executed and delivered a Mortgage and Security Instrument (the "Mortgage") in favor of Plaintiff's predecessor in interest, Mortgage Electronic Registration Systems, Inc. as nominee for First Guaranty Mortgage Corporation, in the original principal amount of $350,000.00.

11. That the Mortgage was duly recorded on July 8, 2004, at the Hudson County Register's Office, Book 11693, Page 59.

12. That the Mortgage executed and delivered by Borrower(s) / Mortgagor(s) PETER CRESCI and JENNIFER C. CRESI **is not a purchase money mortgage**.

13. That the Mortgage encumbers all that certain real property commonly known as 832-838 Avenue A a/k/a 917 Kennedy Blvd, Bayonne, New Jersey 07002 and also known as Lot(s) 1, Block 124 as shown on the Tax Map of the City of Bayonne, County of Hudson, and State of New Jersey, including all improvements thereon, and more particularly described in Exhibit "B" annexed hereto and made part hereof ("the Mortgaged Property"). The mortgaged property is delineated by a metes and bounds description and by municipal tax map block and lot reference in the aforementioned mortgage. The Mortgage includes the legal description as set forth on Exhibit "B."

14. That on or about June 8, 2017, Mortgage Electronic Registration Systems, Inc. as nominee for First Guaranty Mortgage Corporation assigned the subject Note and Mortgage to E*TRADE BANK. This Assignment of Mortgage was duly recorded on June 22, 2017, at the Hudson County Register's Office, in Book 1230 at Page 29.

15. That E*TRADE BANK is the assignee and mortgagee of record and, thus holds all right, title, and interest in and to the Note and to the Mortgage securing the debt therein.

16. That the Note and Mortgage ("Loan Documents") provide that if Borrower(s) fails to pay the full amount of any monthly payment on the date it is due, such failure shall constitute an event of default.

17. That the Loan Documents further provide that if any sum payable under the Loan Documents is not paid in full within 10 calendar days after the date on which it is due, the Borrower(s) shall pay a late charge equal to 5.00% of the delinquent payment.

18. That Loan Documents contained an agreement, that if any installment of principal and interest should remain unpaid, then after notice is given pursuant to the loan documents and any cure period has expired Lender / Plaintiff may demand the whole of the principal sum, together with all unpaid interest and advances made by the mortgagee, as immediately due.

19. That in accordance with the Loan Documents, Plaintiff gave notice of their election to require Borrower(s) / Mortgagor(s) to pay the full amounts due under the mortgage loan, should Borrower(s) not pay the overdue amount within the prescribed period.

20. That the Loan Documents further provide that upon occurrence of an event of default the Borrower(s) / Mortgagor(s) shall be liable for all costs incurred for collecting, securing or attempting to collect or secure any amounts due under the Loan Documents, including reasonable attorneys' fees and other legal costs.

5

21. The Borrower(s) defaulted under the terms of the Loan Documents on December 1, 2016 by, among other things, failing to pay the principal, interest and other payments when due.

22. That there is now due, owing and payable to Plaintiff under the Note and Mortgage (i) $250,585.72 in principal; (ii) accrued and unpaid interest at the rate set forth in the Loan Documents; (iii) late charges; (iv) attorneys' fees, costs and expenses; and (v) all other sums provided for under the Note and Mortgage including taxes, assessments, water rents, insurance premiums, escrow and/or other charges.

23. To date, Borrower(s) has/have not paid the amounts due under the Note and Mortgage and accordingly, Plaintiff hereby elects to call due the entire amount secured by the Mortgage and accelerates and demands payment of all sums due under the Note and Mortgage.

24. That in order to protect its security the Plaintiff has been, and/or may be compelled during the pendency of this action to pay local taxes, assessments, water rents, insurance premiums, F.H.A. or Veterans Administration premiums or charges, and other charges affecting the mortgaged premises, and the Plaintiff requests that any sums thus paid by it for the said purposes, together with interest thereon, should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgaged premises.

25. That in accordance with the terms of the said debt instrument and mortgage in any action upon same, the Borrower(s) / Mortgagor(s) PETER CRESCI and JENNIFER C. CRESI hereof agreed to pay Plaintiff's reasonable attorneys' fees in connection with such action, which fees are deemed to be secured by the said mortgage and are a lien on the premises prior to any right, title, claim or interest in, to or upon the mortgaged premises attaching or accruing subsequent to the lien of said mortgage.

26. That Plaintiff shall not be deemed to have waived, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any and all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and any and all future defaults under the aforesaid Note and Mortgage occurring prior to the discontinuance of this action are fully paid.

27. That if applicable, Plaintiff has complied with the pre-filing notice requirements of the Fair Foreclosure Act and other notices required under the mortgage documents or required by law.

28. Plaintiff has in compliance with the Fair Foreclosure Act, N.J.S.A. § 2A:50–56, et seq., mailed a notice of intention to foreclose to the debtors at least thirty-one (31) days prior to the filing of this complaint.

29. The defendants whose names appear in Exhibit "A" hereof and the defendants made a party hereto as set forth in paragraphs 3, 4, and 5 hereof, if any, as the Plaintiff is informed and believes, have a claim to or some interest in, or lien upon said mortgaged premises or some part thereof, which claims, interest or lien, if any, accrued subsequently to the lien of the Plaintiff's aforesaid mortgage and is subordinate thereto.

30. Plaintiff does not seek a Writ of Possession to evict any occupant protected by the New Jersey Anti-Eviction Act, N.J.S.A. § 2A:18-61.1, et seq.

**WHEREFORE,** Plaintiff demands judgment against the defendants:

A. That the defendants herein and all persons claiming under them or any of them subsequent to the filing of the Lis Pendens of this action in the proper County Register's Office be barred

7

and forever foreclosed of all right, title, claim, lien and equity of redemption in and to the mortgaged property;

B. Appointing a Receiver of the rents and profits of all of the aforesaid mortgaged property;

C. Fixing the amount due to Plaintiff pursuant to the Note and Mortgage;

D. Directing the Plaintiff be paid the amount due pursuant to the Note and Mortgage, with interest, advances, other charges, attorneys' fees and costs as set forth in the respective Loan Documents;

E. That the aforesaid mortgaged property described in the mortgage be sold according to law, and that the moneys arising from the sale thereof be brought into Court, and there be paid therefrom, insofar as the moneys properly applicable thereto will pay the same, the expenses of the sale, the balance of the indebtedness due on the aforesaid debt instrument and mortgage, with interest thereon to the date of full payment thereof, and the costs and disbursements of this action and Plaintiff's reasonable attorneys' fees, and any sum or sums which have been paid, or which may hereafter be paid by Plaintiff, for insurance premiums, taxes, water rents, sewer rents, or charges, costs or expenses of any nature and kind whatsoever arising out of or in any way connected with the mortgaged premises, with interest thereon to the date of full payment thereof;

F. Foreclosing and barring the defendants, and each of them, of all equity of redemption in and to such of said lands and premises as shall be sold;

G. That Plaintiff's assignee or the purchaser at the foreclosure sale recover possession of the mortgaged premises against said defendants or anyone holding under them and for costs resulting therefrom;

H. Awarding Plaintiff such other and further relief as to the Court shall deem just and equitable.

## SECOND COUNT
### (Possession of Mortgaged Premises)

31. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 30 above, inclusive of the First Count, and makes the same a part hereof as if the same were set forth and repeated at length herein.

32. By reason of the default under the terms of the Note and Mortgage referred to in the First Count of this complaint, the Plaintiff is entitled to possession of the premises described in paragraph 12 above, as further described in Exhibit "B" attached hereto. However, no possession is hereby sought against any tenant protected by the provisions of the New Jersey Anti–Eviction Statute (N.J.S.A. § 2A:18–61.1, et seq.).

33. That the Defendants named in Exhibit "A" hereby incorporated in this Complaint have or may claim to have certain rights in the premises described in paragraph 12 above, and by reason thereof have deprived the Plaintiff herein of the possession of the premises aforesaid.

**WHEREFORE**, Plaintiff demands judgment against the defendants:
- A. Granting Plaintiff, its assignee or the purchaser of the Mortgaged Property at the foreclosure sale, possession of the Mortgaged Property.
- B. Awarding Plaintiff damages for *mesne* profits; and
- C. Granting its costs of the suit including reasonable attorneys' fees.
- D. For such other relief to which the Court shall deem Plaintiff entitled.

## THIRD COUNT
### (Discharging Record First Mortgage Lien)

34. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 33 above, inclusive of the First and Second Counts, and makes the same a part hereof as if the same were set forth and repeated at length herein.

35. That upon information and belief, there is open of record a prior mortgage (the "Bank One Mortgage") against the Mortgaged Property, dated October 20, 2003 executed by PETER J. CRESCI and JENNIFER L. CRESCI, in favor of JPMorgan Chase Bank, National Association s/b/m Bank One, N.A., in the amount of $100,000.00 plus interest, recorded in the Hudson County Clerk's Office on January 10, 2004 in Mortgage Book 10904, Page 235, *et seq.*

36. Upon information and belief, the Bank One Mortgage was subsequently satisfied by the Loan issued by Lender at closing, when funds sufficient to pay off the remaining balance of the Bank One Mortgage were advanced.

37. That said satisfaction and payoff rendered the Bank One Mortgage no longer an enforceable lien against the Mortgaged Property. Thus, any and all interest JPMorgan Chase Bank, National Association s/b/m Bank One, N.A., its successors and/or its assigns may have had or claim to have had in the Mortgaged Property has been extinguished.

38. That by virtue of said payoff, the Bank One Mortgage is now deemed satisfied and extinguished and that Plaintiff's Mortgage is now a first lien against the subject property.

39. That Bank One Mortgagee, JPMorgan Chase Bank, National Association s/b/m Bank One, N.A., its successors and/or its assigns are equitably estopped from enforcing their lien against the subject property.

**WHEREFORE,** Plaintiff demands judgment against the defendants:

a. The Bank One Mortgage to JPMorgan Chase Bank, National Association s/b/m Bank One, N.A. be deemed to have been paid in full and satisfied by Plaintiff or its predecessor in interest;

b. That any and all interest JPMorgan Chase Bank, National Association s/b/m Bank One, N.A., its successors and/or assigns may have had or claim to have had in the Mortgaged Property be extinguished;

c. That the Bank One Mortgage be deemed no longer an enforceable lien against the subject property;

d. That the Bank One Mortgage is deemed second and subordinate to the Plaintiff's Mortgage;

e. That Plaintiff's Mortgage be deemed superior to the Bank One Mortgage and a first lien against the Mortgaged Property;

f. That the JPMorgan Chase Bank, National Association s/b/m Bank One, N.A., its successors and/or its assigns, be hereby equitably estopped from enforcing its lien against the subject property;

g. Such other and further relief that the Court shall deem just, equitable, and proper.

SCHILLER, KNAPP,
LEFKOWITZ & HERTZEL, LLP
A LLP Formed in the State of New York

DATED: 7/26/2017      BY:   /s/ Richard J. Tracy, Esq.
                            Richard J. Tracy, Esq.
                            Attorneys for Plaintiff
                            30 Montgomery Street, Suite 1205
                            Jersey City, NJ 07302
                            Telephone: (518) 786-9069

Exhibit "A"

| | |
|---|---|
| **PETER J. CRESCI**<br>832-838 Avenue A a/k/a 917 Kennedy Blvd<br>Bayonne, NJ 07002 | Current owner of the subject premises and obligor under the mortgage being foreclosed herein, which said mortgage, was duly recorded in the Hudson County Register's Office, as set forth in the pleadings herein. |
| **MRS. PETER J. CRESCI, fictitious spouse of PETER J. CRESCI**<br>832-838 Avenue A a/k/a 917 Kennedy Blvd<br>Bayonne, NJ 07002 | Possible spouse of the record owner of the subject premises, whose interest is subordinate to the subject mortgage, pursuant to N.J.S.A. § 3B:28-3. |
| **JENNIFER L. CRESCI**<br>832-838 Avenue A a/k/a 917 Kennedy Blvd<br>Bayonne, NJ 07002 | Current owner of the subject premises and obligor under the mortgage being foreclosed herein, which said mortgage, was duly recorded in the Hudson County Register's Office, as set forth in the pleadings herein. |
| **MR. JENNIFER L. CRESCI, fictitious spouse of JENNIFER L. CRESCI**<br>832-838 Avenue A a/k/a 917 Kennedy Blvd<br>Bayonne, NJ 07002 | Possible spouse of the record owner of the subject premises, whose interest is subordinate to the subject mortgage, pursuant to N.J.S.A. § 3B:28-3. |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION s/b/m BANK ONE, N.A.**<br>575 Washington Blvd<br>Jersey City, NJ 07310 | Mortgageholder by virtue of a mortgage made by Peter J. Cresci and Jennifer L. Cresci in the amount of $100,000.00 made on October 20, 2003 and recorded in the Hudson County Register's Office on January 10, 2004 in Book 10904 at Page 235. |
| **STATE OF NEW JERSEY**<br>Office of the Attorney General<br>R.J. Hughes Justice Complex<br>25 Market Street<br>Trenton, NJ 08625-0080 | Potential junior lienholder by judgment DJ-121952-2011 entered in the Superior Court of New Jersey on 4/28/11 against Peter J. Cresci in the amount of $20,440.00 plus costs. |
| **"JOHN DOE #1-50" AND "MARY ROE #1-50"**<br>832-838 Avenue A a/k/a 917 Kennedy Blvd<br>Bayonne, NJ 07002 | Intended to name any tenants, occupants or persons in possession of the mortgaged premises. |

## Exhibit "B"
## Legal Description

**Property Description:**
832-838 Avenue A a/k/a 917 Kennedy Blvd
Bayonne, NJ 07002
*Also known as Lot(s) 1, Block 124, as shown on the Municipal Tax Map of the City of Bayonne, Hudson County, State of New Jersey.*

*The Above Property Description is Provided for Informational Purposes Only.*

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Bayonne, County of Hudson State of New Jersey:

BEGINNING at the point of intersection as formed by the easterly line of Avenue A with the southerly line of John F. Kennedy Memorial Boulevard (formerly Hudson County Boulevard a/k/a Kennedy Boulevard), and running: thence

(1) South 43 degrees 09 minutes 14 seconds West, 93.80 feet along the easterly line of Avenue A; thence

(2) South 47 degrees 40 minutes East, 65.56 feet; thence

(3) North 42 degrees 20 minutes East, 66.75 feet to the southerly line of John F. Kennedy Memorial Boulevard; thence

(4) North 34 degrees 11 minutes West, 2.85 feet along the southerly line of John F. Kennedy Memorial Boulevard; thence

(5) Along a curve to the right having a radius of 200 feet for an arc distance of 67.15 feet still along the southerly line of John F. Kennedy Memorial Boulevard to the point and place of BEGINNING.

The above description is drawn in accordance with a survey made by Arthur F. Mead, Jr., dated March 31, 1998.

13

## CERTIFICATION PURSUANT TO RULE 4:64-1(a)

I, Richard J. Tracy, Esq., the undersigned, am an attorney-at-law of New Jersey with the law firm of Schiller, Knapp, Lefkowitz & Hertzel, LLP, attorney for Plaintiff in the within action, and the person actually entrusted with the conduct and management of the case. I aver that prior to the filing of this mortgage foreclosure complaint, I have received and reviewed a title search of the public record for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to the within foreclosure. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 7/26/2017

/s/ Richard J. Tracy, Esq.
Richard J. Tracy, Esq.

14

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any action pending in any other court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, except that Plaintiff may also file an action in the Law Division, Hudson County, for judgment under the Note. I know of no other parties other than the parties set forth in this pleading who should be joined in the above action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

Dated: 7/26/2017  /s/ Richard J. Tracy, Esq.
Richard J. Tracy, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: 7/26/2017

/s/ Richard J. Tracy, Esq.
Richard J. Tracy, Esq.

## CERTIFICATION PURSUANT TO 4:64-1(3)

I hereby certify that the Complaint and all documents annexed thereto comport with the requirements of Rule 1:4-8(a) to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

Dated: 7/26/2017

/s/ Richard J. Tracy, Esq.
Richard J. Tracy, Esq.