## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E*TRADE BANK, | :     Case No. 18-CV-02392 |
| | : |
|          Plaintiff, | : |
| vs. | : |
| | : |
| PETER J. CRESCI, ET AL. | : |
| | : |
|          Defendants/Third Party | : |
|          Plaintiffs | : |
| | : |
| SCHILLER KNAPP LEFKOWITZ AND | : |
| HERTZELL, LLP and | : |
| BAYVIEW LOAN SERVICING, LLC | : |
| | : |
|          Third Party Defendants. | : |
| | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED
## ANSWER, COUNTERCLAIMS AND THIRD PARTY COMPLAINT

**On the Brief:**
Michael P. Trainor, Esquire
Attorney ID No. 2932010
Blank Rome LLP
300 Carnegie Center Drive,
Suite 220
Princeton, NJ 08540
(215) 569-5500 (Telephone)
(215) 569-5555 (Fax)
Mtrainor@Blankrome.com

## **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................................1

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY .......................2

III.  ARGUMENT........................................................................................................3

    A.  Rule 12(b)(1) Subject Matter Jurisdiction .................................................3

    B.  Rule 12(b)(6) Motion To Dismiss Standard. .............................................4

    C.  The Crescis Fail to Allege Sufficient Facts to Assert a TCPA Claim. ....6

        i.  It is Unclear When the Calls Were Made. .....................................8

        ii.  It is Not Clear What Phone Was Called.........................................8

        iii.  It is Not Clear Who Made the Calls................................................9

        iv.  The Crescis Authorized Correspondence To Be Addressed to Peter Cresci's Office ...........................................................................10

        v.  The Crescis' Allegations Regarding the Moving Parties' Alleged Use of an ATDS Are Boilerplate ...............................................10

        vi.  To the Extent The Crescis Seek Attorneys' Fees Arising from Their TCPA Claim, Such Relief Is Not Permissible................................12

    D.  The Crescis' FDCPA Claims Are Time Barred and Insufficiently Pled. ..............13

        i.  The Crescis' FDCPA Claim is Barred By The Statute of Limitations ................................................................................13

        ii.  The Crescis' 15 U.S.C. §1692(c)(a)(2) Claim Is Insufficiently Pled.........14

        iii.  The Crescis' Claims Under 15 U.S.C. §1692(d) Are Insufficiently Pled. ...........................................................................................14

        iv.  The Crescis' Claim that Plaintiff and Bayview Acted As "Debt Collectors" Does Not Meet the Required Pleading Standard. ...................16

    E.  There Is No Private Right of Action Under N.J.S.A. §45:18-1. ............................19

    F.  Count III for Violation of N.J.S.A. 45:18-1 Must Be Dismissed For Failure to State A Claim. ........................................................................19

i

|     | G. | Count IV Alleging Violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 ("FCRA") Must Be Dismissed Because a Private Right of Action Has Not Ripened. | 21 |
| --- | --- | --- | --- |
|     | H. | RESPA Claim Fails. | 23 |
|     | I. | The Crescis Fail to State a Claim For Defamation. | 24 |
|     | J. | The Crescis' Twenty-Two (22) Affirmative Defense are Boilerplate and Unsupported and Must be Stricken. | 25 |
| IV. |    | CONCLUSION | 27 |

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Aikens v. Synchrony Fin. d/b/a/ Synchrony Bank, No. 15-10058, 2015 WL
  5818911 (E.D. Mich. July 31, 2015)..........................................................................................11

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).......................................................................................4, 5, 11, 17

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007)....................................................................................4, 5, 6, 11, 17

Burrell v. DFS Services, LLC,
  753 F. Supp. 2d 438 (D.N.J. 2010).........................................................................................22

Common Cause of Pa. v. Pennsylvania,
  558 F.3d 249 (3d Cir.2009) ...........................................................................................3

DaimlerChrysler Corp. v. Cuno,
  547 U.S. 332,  126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) ..........................................................3

DeFazio et al. v. Leading Edge Recovery Solutions, LLC et al.,
  2010 WL 5146765 (D.N.J. No. 2:10-cv-02945-WJM-MF)......................................16, 17, 18

Deutsche Bank Nat'l Trust Co. v. Mitchell,
  422 N.J. Super. 214 (App. Div. 2011)........................................................................................26

Deutsche Bank Trust Co. Americas v. Angeles,
  428 N.J. Super. 315 (App. Div. 2012)........................................................................................26

DiPietro v. N.J. Family Support Payment Ctr.,
  2009 U.S. Dist. LEXIS 48691 (D.N.J. June 10, 2009) .........................................................16

Estate of Caruso v. Financial Recoveries,
  2017 WL 2704088 (D.N.J. June 22, 2017) ..............................................................................19

Fallas v. Cavalry SPV I, LLC,
  2013 WL 1811909 (D.N.J. April 29, 2013) ............................................................................15

Feggans v. Billington,
  291 N.J. Super. 382, 677 A.2d 771 (1996)...............................................................................25

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009) .................................................................................... 5, 15

iii

FTC v. Check Investors, Inc.,
   502 F.3d 159 (3d Cir. 2007) ..................................................................................16

Gold Seal Termite & Pest Control Co. v. DirecTV, Inc.,
   No. 03-cv-00367, 2003 U.S. Dist. LEXIS 11205 (S.D. Ind. June 10, 2003) .......12

Graziano v. Harrison,
   950 F.2d 107 (3rd Cir. 1991)................................................................................14

Great Falls Bank v. Pardo,
   263 N.J. Super. 388 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (1994)..............25

Green v. NCO Inovision,
   2010 U.S. Dist. LEXIS 1802, 2010 WL 147934 (D.N.J. January 11, 2010) ........24

Haley v. Hughes Network Sys., LLC,
   No. 12-cv-01079, 2013 U.S. Dist. LEXIS 157104 (W.D.N.Y. Nov. 1, 2013) ...................12

Holmes Group Inc. v. Vornado Air Circulation Sys., Inc.,
   535 U.S. 826 (2002)................................................................................................4

J.C. Corp. Mgmt., Inc. v. Res. Bank,
   205 U.S. Dist. LEXIS 33433 (E.D. Mo. Sept. 12, 2005).......................................12

Klein v. Vision Lab Telecomms., Inc.,
   399 F. Supp. 2d 528 (S.D.N.Y. 2005)..................................................................12

Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902 (3d Cir. 1997) ..................................................................................5

Old Repub. Ins. Co. v. Currie,
   284 N.J. Super. 571 (Ch. Div. 1995).....................................................................25

Padilla v. Whetstone Partners, LLC,
   No. 14-21079-CIV, 2014 WL 3418490 (S.D. Fla. July 14, 2014)...........................11

Pension Benefit Guar. Corp. v. White Consol. Indus.,
   998 F.2d 1192 (3d Cir. 1993) ................................................................................5

Phila. Fed 'n of Teachers v. Ridge,
   150 F.3d 319 (3d Cir.1998) ...................................................................................3

Phillips v. County of Allegheny,
   515 F.3d 224 (3d Cir. 2008) ..................................................................................5

Poling v. K. Hovnanian Enterprises, et al.,
   99 F. Supp. 2d 502 (D.N.J. 2000).........................................................................26

iv

Pollice v. National Tax Funding, L.P.,
   225 F.3d 379 (3d Cir. 2000) ................................................................16

Randolph v. IMBS, Inc.,
   368 F.3d 726 (7th Cir. 2004) ...............................................................16

Renne v. Geary,
   501 U.S. 312, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) ...........................3

Richardson v. Verde Energy USA, Inc.,
   2016 U.S. Dist. LEXIS 175642 (E.D.Pa. 2016) .....................................12

SimmsParris v. Countrywide Fin. Corp.,
   652 F.3d 355 (3d Cir. 2011) ................................................................22

Skinner v. Asset Acceptance, LLC,
   876 F. Supp. 2d 473 (D.N.J. 2012) .......................................................19

Smith v. Microsoft Corp.,
   297 F.R.D. 464 (S.D. Cal. 2014) ..........................................................12

Thorpe v. Floremoore Corp.,
   20 N.J. Super. 34 (App. Div. 1953) ......................................................25

Todd v. Citibank,
   2017 U.S. Dist. LEXIS 63402, 2017 WL 1502796 (D.N.J. Apr. 26, 2017) ...........6

Trenk v. Bank of Am.,
   2017 U.S. Dist. LEXIS 143410, 2017 WL 4170351 (D.N.J Aug. 28, 2017)........6, 8, 11, 12

Trumper v. GE Capital Retail Bank,
   79 F.Supp.3d 511 (D.N.J. 2014) .....................................................11, 12

Zheng v. Quest Diagnostics,
   248 Fed. Appx. 416 (2007)..................................................................25

**Statutes**

12 U.S.C. § 2601 ..................................................................................23

12 U.S.C. § 2605 ..................................................................................23

12 U.S.C. § 2605(a) ..............................................................................23

12 U.S.C. § 2605(c)(1) ..........................................................................23

12 U.S.C. § 2605(c)(2) ..........................................................................23

15 U.S.C. § 1681 ....................................................................................... 1, 21, 22

15 U.S.C. § 1681i ............................................................................................... 22

15 U.S.C. § 1681i(a)(2) ............................................................................... 21, 22

15 U.S.C. § 1681s-2(b) ................................................................................ 21, 22

15 U.S.C. § 1681s-2(b)(1) ........................................................................... 21, 22

15 U.S.C. § 1692 ................................................................................................. 1

15 U.S.C. § 1692a(6) ................................................................................... 16, 17

15 U.S.C. § 1692a(6)(F)(iii) .............................................................................. 16

15 U.S.C. § 1692(c)(a)(2) ............................................................................ 13, 14

15 U.S.C. § 1692(d) ................................................................................ 13, 14, 15

15 U.S.C. § 1692(d)(5) ................................................................................ 13, 14

15 U.S.C. § 1692(d)(6) ................................................................................ 13, 15

15 U.S.C. § 1692(e)(5) ....................................................................................... 18

15 U.S.C. § 1692(e)(11) ............................................................................... 13, 18

15 U.S.C. § 1692(f) ...................................................................................... 13, 18

15 U.S.C. § 1692k(d) ......................................................................................... 13

28 U.S.C. § 1332(a) .............................................................................................. 4

28 U.S.C. § 1441(b)(2) ......................................................................................... 4

47 U.S.C. § 227 ..................................................................................................... 1

47 U.S.C. § 227(a)(1) ......................................................................................... 10

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................... 6

N.J.S.A. § 2A:14-3 ............................................................................................. 25

N.J.S.A. § 45:18-1 .................................................................................... 1, 19, 20

U.S. Const. Art. III § 2 ......................................................................................... 3

## Other Authorities

Fed. R. Civ. P. 8(a) ............................................................................................................... 5

Fed. R. Civ. P. 9(b) ............................................................................................................. 26

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 2, 4, 5, 16

Fed. R. Civ. P. 12(h)(3) .......................................................................................................... 3

140406.00997/106781151v.1

## I.    **INTRODUCTION**

Plaintiff, E*Trade Bank ("Plaintiff") and Third Party Defendant, Bayview Loan Servicing, LLC ("Bayview")(collectively, Plaintiff and Bayview shall be referred to herein as the "Moving Parties"), submit this Memorandum of Law in support of their Motion to Dismiss the Amended Answer, Counterclaims and Third Party Complaint (the "Amended Counterclaim") filed by Defendants, Peter J. Cresci, Esq. and Jennifer L. Cresci (collectively, the "Crescis"), pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6).  As set forth in the Motion for Remand that was previously filed by the Moving Parties, and which remains pending, jurisdiction is improper and this matter should be remanded to the State Court.  However, should this Court find that jurisdiction is proper, the Amended Counterclaim must be dismissed, in its entirety, because the Crescis' claims are all insufficiently pled or are time barred.  Moreover, the Amended Counterclaim did not sufficiently address the deficiencies that were inherent in Defendants' Answer, Counterclaim and Third Party Complaint [Dkt. 1 the "Original Counterclaim"] and, therefore further leave to amend should not be granted.

As a means of stalling this legitimate foreclosure action brought by Plaintiff, the Crescis improperly removed this matter and assert a variety of boilerplate Counterclaims and Affirmative Defenses against Plaintiff.  The Crescis also joined Bayview and the law firm of Schiller Knapp Lefkowitz and Hertsel, LLP ("Schiller") as third party defendants in a further attempt to complicate the litigation.  In the Counterclaim, the Crescis attempt to set forth the following six (6) claims against Plaintiff, Bayview and Schiller: (1) violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"); (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"); (3) violation of N.J.S.A. §45:18-1 et seq.; (4) violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); (5) violation of

the Real Estate Settlement Procedures Act 12 U.S.C §2605, et seq. ("RESPA")[1]; and (6) defamation. Underlying all of the Crescis' six counts is the vague allegation that Plaintiff, Bayview and/or Schiller called and sent letters seeking to collect payment on the Crescis' home mortgage loan. As will be set forth more fully below, none of the claims sufficiently meet the applicable pleading standard, and all must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

In particular, despite their repeated reference to an unspecified number of calls and letters, the Crescis fail to identify when the communications were made, by whom, and how any such communications were either inaccurate, harassing or otherwise improper. Without such facts, the claims cannot survive. Similarly, the Crescis' twenty-two (22) affirmative defenses are equally imprecise and insufficiently pled. Consequently, all of the Crescis' counter and crossclaims must be dismissed and their litany of boilerplate Affirmative Defenses must be stricken.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 26, 2017, Plaintiff commenced this foreclosure action in the Superior Court of Hudson County, Chancery Division, New Jersey at Docket No. F-017846-17 (the "Foreclosure Action"). A copy of the Complaint filed in the Foreclosure Action is attached to the Trainor Certification as **Exhibit A**. The Foreclosure Action was instituted against the Crescis as a result of their default on a mortgage that they entered in connection with the property known as 832-836 Avenue A/917 Kennedy Boulevard, Bayonne, New Jersey, 07002 (the "Property"). Default was entered against the Crescis on December 18, 2017, which default was subsequently vacated by Consent Order dated January 19, 2018.

---

[1] The RESPA claim is a new claim that was not included in Defendants' Original Counterclaim.

The Crescis then filed a Notice of Filing of Removal on February 20, 2018, wherein they claim that removal is proper because "plaintiff's suit and Defendants (sic) Counterclaim involve federal questions." See Notice of Removal, Dkt. 1-3 at ¶4.  The Moving Parties filed a Motion to Remand the Foreclosure Action back to the State Court because there is no subject matter jurisdiction over the Crescis' counterclaims.  The Motion for Remand remains pending.

In addition to the Motion for Remand, the Moving Parties filed a Motion to Dismiss the Original Answer, Counterclaims and Third Party Complaint on March 13, 2018. [Dkt. 7.] Defendants then filed their Amended Counterclaim on March 19, 2018. [Dkt. 9.]

Despite the amendment of their claims, the Defendants' pleading remains woefully deficient.  As a result, the Moving Parties now submit this Joint Motion to Dismiss and seek the dismissal of all of the Crescis' vague and unsupported counterclaims, crossclaims and affirmative defenses.

## III.    ARGUMENT

### A.    Rule 12(b)(1) Subject Matter Jurisdiction

Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. See U.S. Const. Art. III, § 2; see also Phila. Fed 'n of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir.1998). Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. See Ridge, 150 F.3d at 323 (citing Renne v. Geary, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. See Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir.2009) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f

3

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As set forth in the Motion for Remand, this court lacks jurisdiction to hear this action. The Foreclosure Action involves a straightforward foreclosure complaint that seeks judgment in foreclosure, possession of the Property and a discharge of the underlying Mortgage.  There are no federal claims brought in the Foreclosure Action and the Crescis' statement to the contrary is incorrect.  As a result, there is no basis for federal question jurisdiction arising from the Foreclosure Action.  28 U.S.C. §1331.

Although the Crescis' counterclaims purport to asset claims under various federal statutes, a counterclaim cannot serve as a basis for subject matter jurisdiction.  See Holmes Group Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 832 (2002).  Therefore, there is no federal question jurisdiction over the crossclaims and counterclaims.

There is also no basis for diversity jurisdiction because the Crescis reside in New Jersey. 28 U.S.C. §1441(b)(2).  "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [involving diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. §1441(b)(2).  Here, where there is no basis for federal question jurisdiction, the Crescis cannot establish jurisdiction pursuant to 28 U.S.C. §1332(a) because they are citizens of New Jersey who reside at the Property.  As a result, since there is no means to establish jurisdiction, this action cannot remain in this Court.

### B.     Rule 12(b)(6) Motion To Dismiss Standard.

A complaint will survive a motion under Federal Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

4

544, 570 (2007)). The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. Twombly, 550 U.S. at 555; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

The Supreme Court has made clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original); see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Although a court may accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

The Third Circuit, following Twombly and Iqbal, has held that the pleading standard of Federal Rule 8(a), governing general rules for pleadings, "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips, 515 F.3d at 234. In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In deciding whether to dismiss a complaint, courts must separate the legal elements and factual allegations of the claim, accepting the well-pleaded facts but disregarding the legal conclusion. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Similar to its

predecessor, the Amended Counterclaim fails to meet the <u>Twombly</u> standard, and cannot survive under any application of this standard.

     **C.**     **The Crescis Fail to Allege Sufficient Facts to Assert a TCPA Claim.**

     To state a cause of action under the Telephone Consumer Protection Act ("TCPA"), a plaintiff must allege "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." <u>Trenk v. Bank of Am.</u>, 2017 U.S. Dist. LEXIS 143410, 2017 WL 4170351 (D.N.J Aug. 28, 2017)[2] citing <u>Todd v. Citibank, 2017 U.S. Dist. LEXIS 63402, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017)</u>. The Crescis' TCPA claim does not sufficiently allege any of these required elements and, instead, asserts broad and boilerplate allegations that Plaintiff and Third Party Defendants "repeatedly plac[ed] calls to Defendants Cresci's cellular work, and home telephone number using an ATDS and/or artificial prerecorded voice without the Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).    [Dkt. 9, Amended Counterclaim at ¶25]. As with the majority of the Amended Counterclaim, this statement is identical to that made in the Original Counterclaim, and Defendants provided no facts in the Amended Counterclaim that remedy its deficiency[3].

---

[2] A true and correct copy of this unreported decision is attached to the Trainor Certification as **Exhibit B**.

[3] There are no additional facts in the Amended Counterclaim that sufficiently rectify the deficiencies of the original Counterclaim. Aside from including the entirely new RESPA claim at Count V, the following four paragraphs are the only attempt to substantively bolster the Defendants' claims. Similar to the entirety of the original Counterclaim, these additions are vague, conclusory and do not provide sufficient facts to overcome the multitude of problems with the Defendants' claims:

While Defendants do allege that calls were made to a cellular phone, it remains entirely unclear what phone was called, whether the phone was owed by Peter Cresci or Jennifer Cresci, and when the calls were made. It is also unclear if the calls were made to a personal cell phone, a work phone, or a home telephone (presumably a landline).

---

6a. During the course of the last eighteen months, Defendants/Third Party Plaintiffs have attempted on several occasions to correct the infirmities of the violations of federal law alleged herein with the Third Party Defendants, including but not limited to telephone calls, e-mails and letters.

20a.   Since the third party complaint was filed in U.S.D.C., the Defendants/Third Party Plaintiffs accessed the records of the Hudson County Register concerning the subject property. We discovered that the original mortgage on the subject property had been released as paid in full. Plaintiff E*Trade never had an assignment to this fictitious mortgage until they filed their own in June 2017; with no notice to Defendants/Third Party Plaintiffs. Plaintiff filed the ill-fated state action in July 2017. Moreover, the Third Party Defendant Schiller continued to act on an alleged mortgage note that did not exist, despite being advised in April 2017 that such a mortgage did not exist, and that their alleged client was not acting within accordance with the law.

20b.   Moreover, Third Party Defendant Bayview Loan Servicing was contacted on several occasions in "qualified written requests" to correct their violations of federal statute, RESPA, and escrow requirements. These inquiries and violations of Sections 6 and 10 of RESPA, as Third Party Defendant appears to have violated the federal provisions for failing to acknowledge, failing to resolve, and not even contacting the tax collector of the transfer of the alleged loan.

20c.   On or about February 14, 2018 we notified Third Party Defendant Schiller that Plaintiff E*Trade Bank was not a correct debt collector, as the alleged mortgage had been released. In June, 2013 it appears the mortgage had been released and reported to CRA (credit reporting agency) Experian, as well as the other two CRAs. The mortgage in which the Credit Reporting Agency refers is the May 2004 originated mortgage which had been released per the Register, County of Hudson.

7

Moreover, aside from a boilerplate statement that an ATDS was allegedly used, the Amended Counterclaim does not sufficiently allege that an ATDS was used, who used it and what system was used. In fact, Defendants do not even bother to pinpoint who made any of the alleged calls or whether one or both of the Moving Parties or Schiller used the same or a different ATDS. Given the complete lack of specificity included in the Amended Counterclaim, it must be dismissed.

### i.     It is Unclear When the Calls Were Made.

Defendants begin by broadly alleging that "Plaintiff and Third Party Defendants engaged in conduct in violation of the TCPA...on numerous occasions within the three (3) year period proceeding the filing of this action." [Dkt. 9 at ¶8] Despite appearing to set a three (3) year window on the alleged offenses, at no point do the Crescis actually state when the calls were made. Without identifying the relevant time period during which the alleged calls occurred, the Moving Parties cannot possibly be expected to form a response to the TCPA claim. See Trenk v. Bank of Am., 2017 U.S. Dist. LEXIS 143410, 2017 WL 4170351 (D.N.J Aug. 28, 2017), holding that a complaint did not meet the pleading standard, in part, where the complaint generally alleges that calls and text message were received over an approximate six (6) month period but does not allege when the calls and texts were received. As a result, the TCPA claim must be dismissed.

### ii.     It is Not Clear What Phone Was Called.

The Crescis next allege, in broad manner, that "Plaintiff and Third Party Defendants...initiat[ed] calls to Defendants Cresci's cellular and residential phone..." [Dkt. 9 at ¶9] It is not clear whose cell phone was allegedly called, be it Peter or Jennifer Cresci's phone. The Crescis also do not cite to any telephone numbers that were allegedly called and that could possibly allow the Moving Parties to know what calls are actually at issue. Defendants also

completely fail to allege which calls were to a cellular phone and which were to a residential or landline. Without identifying the phone that was actually called, there simply is not enough information to support a TCPA claim. As a result, the TCPA claim must be dismissed.

### iii.    It is Not Clear Who Made the Calls

The Crescis also do not identify whether the calls were made by Plaintiff, Bayview or Schiller. They begin by alleging that that "Plaintiff and Third Party Defendants" initiated calls. [Dkt. 9 at ¶¶9 – 11]  However, later in their Amended Counterclaim the Crescis appear to attempt to allege that only Bayview made the calls as follows:

- "Third Party Defendant Bay View (sic) has called Defendants Cresci over hundreds of times"; [Dkt. 9 at ¶17]

- "the telephone calls at issue were placed by Third Party Defendant Bay View (sic), including using 'automated telephone dialing systems' as defined by the TCPA." [Dkt. 9 at ¶18]; and

- Bayview has "a corporate policy of using an automated telephone dialing system or pre-recorded or artificial voice message as it did when calling Defendants Cresci aforementioned cellular telephone number." [Dkt. 9 at ¶19]

Given the inconsistency with which they identify who actually made the calls, it is entirely unclear whether the Crescis are alleging that only Bayview made the calls or if Schiller or Plaintiff made calls. Without clarifying who actually made the calls, the TCPA claim cannot possibly survive because the Moving Parties would be left to guess as to what allegations are being asserted against which party.

9

### iv.     The Crescis Authorized Correspondence To Be Addressed to Peter Cresci's Office.

The Crescis next allege that they never gave authorization for the Moving Parties to make any calls. [Dkt. 9 at ¶16]  Oddly, however, Defendants allege that they sent a letter on or about April 26, 2017 to Schiller requesting a variety of information and demanding: "[C]ease and desist contacting Mrs. Jennifer L. Cresci **and place all future correspondence to my office attention**."  [Doc. 9 at ¶14(9)]  While Peter Cresci is not specifically identified, a reasonable reading of the Counterclaim suggests that express written consent to contact Peter Cresci – at his office - was granted.  As a result, the TCPA claim must be dismissed because the Crescis authorized any calls[4].

### v.     The Crescis' Allegations Regarding the Moving Parties' Alleged Use of an ATDS Are Boilerplate.

Under the TCPA, an ATDS means "equipment which has the capacity to (A) store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1).  The Crescis' allegations regarding the purported ATDS are insufficient and conclusory and amount to a boilerplate recitation of the operative portions of the TCPA.

For instance, the Crescis allege that "Third Party Defendants Bay View (sic) would call the Defendants Cresci numbers from an automated telephone dialing system and leave pre-recorded messages on Defendants Cresci (sic) answering machine, identifying Defendants Cresci and stating that the message was left to 'an attempt to collect a debt.'  This was done in the workplace of the Defendants Cresci" [Dkt. 9 at ¶16.b]  Setting aside that there is no indication

---

[4] Perhaps if the Crescis identified where the specific calls were made, and the time period during which they were made, the Moving Parties could respond regarding the extent to which authorization was granted.  However, as was the case with the Original Counterclaim, the Amended Counterclaim is entirely devoid of such facts and, therefore, must be dismissed.

from this allegation that the purported "workplace" phone was a cell phone, there is insufficient information alleged to identify the purported system as being an ATDS.

In Trenk, the Court dismissed a TCPA claim where the complaint merely parroted the language of the TCPA. The complaint in Trenk alleged that the calls were "auto-dialed", but offered no facts to support the allegation. And, "other than generally alleging that Plaintiff received the calls and text messages over an approximate 6-month period, the complaint does not allege **when** the calls and text messages were received." Trenk at *5 (emphasis added). The Court continued that "Importantly, the complaint makes absolutely no factual allegations about the content of the alleged calls and text messages, nor does the complaint provide any factual allegation about whether the calls and text messages were automated or prerecorded." Id.[5]

Similarly, in Trumper v. GE Capital Retail Bank, 79 F.Supp.3d 511 (D.N.J. 2014), the District Court held that a plaintiff's conclusory allegations that calls were placed using an ATDS do not satisfy the pleading standard required by Twombly or Iqbal. The plaintiff in Trumper provided no details about the calls except to identify the name of the individual requested in the calls. This Court deemed the pleading to be insufficient because it provided "no factual allegations suggesting that the voice on the other end of the line was prerecorded."

---

[5] Other districts have also addressed whether a plaintiff had sufficiently asserted that an ATDS had been used. See, e.g., Aikens v. Synchrony Fin. d/b/a/ Synchrony Bank, No. 15-10058, 2015 WL 5818911, at 3 (E.D. Mich. July 31, 2015), report and recommendation adopted, 2015 WL 5818860, at 1 (E.D. Mich. Aug. 31, 2015)(plaintiff must provide "at least some [] detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible."; Padilla v. Whetstone Partners, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014)(dismissing TCPA claim because party did not "elaborate on the content of the pre-recorded messages…[or] whether there was a pause upon his answering the call…[or] the content of the pre-recorded messages…[or] any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system."

11

Similar to the plaintiffs in <u>Trenk</u> and <u>Trumper</u>, the Crescis only allege that an "automated telephone dialing system" was used and left "pre-recorded messages."   Aside from the generalized statement that the call was "an attempt to collect a debt", the Crescis provide no details regarding the content of the alleged messages.  The Crescis also fail to indicate how the messages could be considered as emanating from an ATDS.  They also fail to identify when the calls were made or from what number.  These same deficiencies were already present in the Original Counterclaim and the Crescis do not even bother to try to rectify such problems in the Amended Counterclaim.   As a result, and as was the case in <u>Trenk</u> and in <u>Trumper</u>, the allegations that an ATDS was used are insufficient and the TCPA claim must be dismissed.

### vi.    To the Extent The Crescis Seek Attorneys' Fees Arising from Their TCPA Claim, Such Relief Is Not Permissible.

Among a multitude of nonspecific damages requested in their Counterclaim, the Crescis seek "attorney's fees, costs and expenses incurred as a result of the Plaintiff and Third Party Defendants' acts, as provided for herein and other applicable statutes."  To the extent such fees are being sought under the TCPA, several districts have recognized that the TCPA does not allow such an award.  <u>See</u> <u>Richardson v. Verde Energy USA, Inc.</u>, 2016 U.S. Dist. LEXIS 175642 (E.D.Pa. 2016); <u>Smith v. Microsoft Corp.</u>, 297 F.R.D. 464, 469 (S.D. Cal. 2014)("The TCPA, unlike many consumer protection statutes, does not provide for attorney's fees…"); <u>Haley v. Hughes Network Sys., LLC</u>, No. 12-cv-01079, 2013 U.S. Dist. LEXIS 157104 (W.D.N.Y. Nov. 1, 2013)("The TCPA makes no provision for attorney's fees or costs."); <u>Klein v. Vision Lab Telecomms., Inc.</u>, 399 F.Supp. 2d 528, 542 (S.D.N.Y. 2005); <u>J.C. Corp. Mgmt., Inc. v. Res. Bank</u>, 205 U.S. Dist. LEXIS 33433 (E.D. Mo. Sept. 12, 2005) ("The TCPA does not provide for the recovery of attorney's fees…"); <u>Gold Seal Termite & Pest Control Co. v. DirecTV, Inc.</u>, No. 03-cv-00367, 2003 U.S. Dist. LEXIS 11205 (S.D. Ind. June 10, 2003)("There

12

is no provision [in the TCPA] that provides for the shifting of attorneys' fees or costs…"). As a result, any claim for attorneys' fees based on allegations under the TCPA must be stricken.

### D.    The Crescis' FDCPA Claims Are Time Barred and Insufficiently Pled.

Count II of the Amended Counterclaim consists of a collection of allegations of wrongdoing under several sections of the FDCPA. In particular, the Crescis allege violations under the following sections: 15 U.S.C. §1692(c)(a)(2) [Dkt. 9 at ¶30]; 15 U.S.C. §1692(d) against Plaintiff, Bayview and Schiller [Dkt. 9 at ¶31]; 15 U.S.C. §1692(d)(5) against Plaintiff and Bayview [Dkt. 9 at ¶32]; 15 U.S.C. §1692(d)(6) against Plaintiff and Bayview [Dkt. 9 at ¶33]; 15 U.S.C. §1692(e)(11) against Plaintiff and Bayview [Dkt. 9 at ¶34]; and 15 U.S.C. §1692(f) against Plaintiff and Bayview [Dkt. 9 at ¶35]. As set forth more fully below, each of these claims must be dismissed because they do not assert sufficient facts to support any claims against Plaintiff or Bayview. All FDCPA claims must also be dismissed because they were not filed within the applicable statute of limitations period.

### i.    The Crescis' FDCPA Claim is Barred By The Statute of Limitations

As with their TCPA claim, the Crescis do not specifically identify when the purported FDCPA violations occurred. The closest they come to pinpointing when the FDCPA claims arose was when the Crescis broadly allege that "Plaintiff and Third Party Defendants engaged in conduct in violation of the…FDCPA…on numerous occasions within the three (3) year period proceeding the filing of this action." [Dkt. 9 at ¶8] The FDCPA has a one-year statute of limitations period. See 15 U.S.C. § 1692k(d). Therefore, to the extent any conduct alleged by Plaintiff occurred more than one year before the filing of this matter, any FDCPA claims built on such facts are time barred.

ii.     **The Crescis' 15 U.S.C. §1692(c)(a)(2) Claim Is Insufficiently Pled.**

Even if their FDCPA claims were not time barred, their separate claims under the FDCPA must be dismissed for failure to state a claim. For instance, the Crescis claim that Plaintiff and Bayview violated §1692(c)(a)(2) by communicating with the Crescis in connection with the collection of a debt when the Crescis were represented by an attorney. [Dkt. 9 at ¶30] At no point do the Crescis identify when and how they informed Plaintiff or Bayview that they were represented by counsel. They also do not identify who represented them. Without more, any such claim is deficient and must be dismissed. See <u>Graziano v. Harrison</u>, 950 F.2d 107 (3rd Cir. 1991), holding that claims under the FDCPA were unsupported where defendant did not know that the consumer was represented by counsel with respect to a debt at time of communication.

iii.     **The Crescis' Claims Under 15 U.S.C. §1692(d) Are Insufficiently Pled.**

The Crescis next attempt to set forth several violations under 15 U.S.C. §1692(d). They begin by alleging that Plaintiff, Bayview and Schiller engaged "in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Defendants Cresci." [Dkt. 9 at ¶31] They continue, that in violation of §1692(d)(5) Plaintiff and Bayview caused "Defendants Cresci (sic) telephone to ring or engaging Defendants Cresci in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Defendants Cresci at their aforementioned cellular telephone numbers, work places, and homes[6]." [Dkt. 9 at ¶32]

---

[6] Again, despite such a statement, the Crescis do not actually identify what phone numbers were called. They also do not separate what calls were made to a cellular phone, a home phone or to their work phone. Without such facts, the Moving Parties cannot be asked to speculate as to what calls are being referenced.

Here, the Crescis' allegation of harassment is barely pleaded and is merely a "conclusory or 'bare-bones' allegation[ ]" which the Third Circuit has made clear "will no longer survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). See also, Fallas v. Cavalry SPV I, LLC, 2013 WL 1811909 (D.N.J. April 29, 2013), where the court granted debt collector's motion to dismiss where the letters at issue did not threaten, contain offensive language or attempt to coerce a payment of the debt in any way. 2013 WL 1811909, at *8.

The Crescis allege, in broad terms, that Plaintiff and Bayview violated §1692(d)(6) by "calling Defendants Cresci (sic) aforementioned cellular, work telephone numbers and residential telephone number and hanging up prior to or as soon as Defendants Cresci (sic) voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity." [Dkt. 9 at ¶33] They also claim, in nonspecific terms, that "Plaintiff and Third Party Defendants implemented its (sic) unlawful collection conduct by sending Defendant Cresci threatening collection letters asserting false and misleading information." [Dkt. 9 at ¶9]

As was the case with their TCPA claim, the Crescis do not provide sufficient factual allegations to support any claim under §1692(d). Despite their repeated statements that calls were made or that letters were sent, the Crescis fail to identify when such communications occurred. They also fail to identify who allegedly made the calls or sent the letters – be it Plaintiff, Bayview or Schiller. Lastly, and aside from broad statements that the letters or calls were repeated or harassing, the Crescis do not provide any information regarding the content of such communications or how they were false or misleading. Without more, any claims under §1692(d) are insufficient and must be dismissed.

15

### iv.   The Crescis' Claim that Plaintiff and Bayview Acted As "Debt Collectors" Does Not Meet the Required Pleading Standard.

The Crescis' claims that Plaintiff or Bayview acted as "debt collectors" are also conclusory and do not meet the pleading requirements to successfully allege that either entity is a "debt collector" as defined by 15 U.S.C. §1692a(6). The FDCPA defines a "debt collector" as one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6); see FTC v. Check Investors, Inc., 502 F.3d 159, 171 (3d Cir. 2007). However, creditors to whom a debt is owed, are not "debt collectors" and thus are excluded from the provisions of the FDCPA. See, e.g., DiPietro v. N.J. Family Support Payment Ctr., 2009 U.S. Dist. LEXIS 48691, at *16 (D.N.J. June 10, 2009)[7] (quoting Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000)) (The FDCPA's provisions generally apply only to "debt collectors."); Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004) ("[A] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."). In addition, "a "debt collector" does not include any person who collects or attempts to collect a debt owed to another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person. See 15 U.S.C. §1692a(6)(F)(iii); see also, DeFazio et al. v. Leading Edge Recovery Solutions, LLC et al., 2010 WL 5146765 (D.N.J. No. 2:10-cv-02945-WJM-MF).[8]

In DeFazio, this Court granted a Rule 12(b)(6) Motion to Dismiss because the debtor/plaintiff failed to set forth sufficient factual allegations to "support whether [defendant] is a 'debt collector' beyond a mere speculative level." DeFazio, 2010 WL 5146765 at *3.   In granting a Motion to Dismiss in that case, this Court reasoned that "the Complaint does not state

---

[7] A true and correct copy of this opinion is attached to the Trainor Cert. at **Exhibit C**.

[8] A true and correct copy of this opinion is attached to the Trainor Cert. at **Exhibit D**.

the principal purpose of [defendant's] business, how often [defendant] collects debts due to third

parties in its regular business practice, how long it has been doing so, etc." Id. at *8. The Court

also noted that "there are no factual allegations in the Complaint as to where the debt in question

originated from or as to the status of the debt owed to [the originator of the loan] at the time the

debt was acquired by [defendant]." Id. Instead, the plaintiff in DeFazio merely alleged that the

defendant in that case "is primarily in the business of acquiring and/or collecting debts that are

allegedly due to another and is therefore a 'Debt Collector'..." In DeFazio this court found that

> [t]his is a formulaic recitation of the first sentence of the definition
> of "debt collector," which is precisely what Iqbal and Twombly
> advise against. This Court is not finding that [defendant] is a "debt
> collector" based solely on Plaintiff's statement in her Complaint
> that [defendant] is a "debt collector." This is an unsupported
> conclusion disguised as a factual allegation. ..."

DeFazio, 2010 WL 5146765 at *7.

The Crescis' allegations here are at least – if not more - deficient than those made in

DeFazio. The Crescis broadly – and in boilerplate manner - state as follows:

> "At all times material hereto, Plaintiff and Third Party Defendants
> did transact business as a debt collector as that term is defined by
> 15 U.S.C. §1692a()6). Plaintiff and Third Party Defendants sought
> to collect an alleged debt from Defendants Cresci that arose from a
> transaction allegedly incurred for personal, family, or household
> purposes and is therefore a consumer debt." [Dkt 9 at ¶6.]

The Crescis continue that:

> "At different times Bay View (sic) were an alleged servicer of a
> mortgage loan which is also the subject of the unlawful collection
> activity at issue herein. Plaintiff and Third Party Defendants
> employed business practices resulting in intentional harassment
> and abuse of Defendants Cresci and engaged in the patterns of
> outrageous, abusive, and harassing conduct by and through its
> agents and representatives in an effort to collect the above
> referenced mortgage loan debt from Defendants Cresci." [Dkt. 9 at
> ¶7.]

17

The Crescis do not state the principal purpose of Plaintiff's business. They also do not allege how often either Plaintiff or Bayview purportedly collect debts due to third parties or whether such practice is in their respective regular business operations. The Crescis also fail to allege how long Plaintiff or Bayview have been collecting debts. Finally, the Crescis also do not allege whether their underlying mortgage loan was in default at the time Plaintiff or Bayview purportedly acquired rights in connection with it.

In fact, the only additional allegation regarding these claims in the Amended Complaint that was not already included in the Original Complaint is the following statement:

> "During the course of the last eighteen months, Defendants/Third Party Plaintiffs have attempted on several occasions to correct the infirmities of the violations of federal law alleged herein with the Third Party Defendants, including but not limited to telephone calls, e-mails and letters." [Dk. 9 at ¶6a.]

Such statement does nothing to address the deficiencies inherent in Defendants' claims.

As was the case in DeFazio, the Crescis failed to set forth sufficient facts to suggest that Plaintiff or Bayview acted as a "debt collector" beyond a mere speculative level. Thus, even if the FDCPA claims are not barred by the statute of limitations, they should be dismissed because they are insufficiently pled[9].

---

[9] The Crescis' claims under 15 U.S.C. §1692(e)(11) and 15 U.S.C. §1692(f) are similarly insufficient. The Crescis claim Plaintiff and Bayview violated 15 U.S.C. §1692(e)(11) by "calling Defendants Cresci aforementioned cellular telephone number, work, and residential telephone number and hanging up prior to or as soon as Defendants Cresci answering machine or voice mail boxes answered the call, in such a way as to fail to disclose that the communication was from a debt collector." [Dkt. 9 at ¶34] Similar to the TCPA and other FDCPA claims, the Crescis provide absolutely no specifics regarding when the calls were made, who made them or the content of the calls. Similarly, the Crescis allege that Plaintiff and Bayview violated 15 U.S.C. §1692(f) by "using unfair or unconscionable means to collect or attempt to collect a debt from Defendants Cresci…because each letter was a discrete and particular act, occurring within one year of Defendants Cresci filing of their complaint, Defendants Cresci action under §1692(e)(5) with respect to these communication." [Dkt. 9 at ¶35] Again, there is no indication

### E. There Is No Private Right of Action Under N.J.S.A. §45:18-1.

N.J.S.A. §45:18 does not grant a private right of action for a consumer. The statute is clearly intended to protect creditors from collection agencies who collect on their behalf. Thus, consumers are not the beneficiaries of the statute of the bond that is required by the statute. As a result, the Crescis cannot bring a claim under N.J.S.A. 45:18. See Estate of Caruso v. Financial Recoveries, 2017 WL 2704088 (D.N.J. June 22, 2017), dismissing FDCPA claim based on violation of N.J.S.A. 45:18-1 and holding that there is no private cause of action for a defendant's failure to post the requisite bond with the New Jersey Secretary of State. Citing Skinner v. Asset Acceptance, LLC 876 F.Supp. 2d 473, 479 (D.N.J. 2012) ("Though defendant's attempt to collect a debt in New Jersey without filing the required bond may have been contrary to New Jersey law, defendant's challenged conduct must also stand as a violation of the FDCPA in order for plaintiff to maintain her claim. The state law violation itself is not a per se violation of the FDCPA.") Therefore, even if no bond was posted as the Crescis allege[10] [Dkt. 9 at ¶40], they cannot bring a cause of action for such failure.

### F. Count III for Violation of N.J.S.A. 45:18-1 Must Be Dismissed For Failure to State A Claim.

Count III of their Counterclaim, which asserts a violation of N.J.S.A. 45:18-1 et seq., must also be dismissed for failure to state a claim for the same reasons the Crescis' hodgepodge of FDCPA and TCPA claims must be dismissed - there are insufficient facts to support any such claim. NJSA 45:18-1 states as follows:

> "No person shall conduct a collection agency, collection bureau or collection office in this state, or engage therein in the business of

---

of when the letters were sent, who sent them or the substance of such letters. As a result, such a claim is insufficient and must be dismissed.

[10] The Crescis actually do not even specifically state that no bond was paid. Instead, they vaguely allege that "We do not believe that was done." [Dkt. 9 at ¶40.]

19

> collecting or receiving payment for others of any account, bill or
> other indebtedness, or engage therein in the business of soliciting
> the right to collect or receive payment for another of any account,
> bill or other indebtedness, or advertise for or solicit in print the
> right to collect or receive payment for another of any account, bill
> or other indebtedness, unless such person, or the person for whom
> he may be acting as agent has on file with the secretary of state
> sufficient bond as hereinafter specified."

In Count II the Crescis allege, among other things, that "Plaintiff and Third Party Defendants…engaged in an act or omission prohibited under section NJSA §45:18-1, et seq., by willfully communicating with Defendants Cresci or any member of their family with such frequency as can reasonably be expected to harass the Defendants Cresci." [Dkt. 9 at ¶39.] Similar to how they pled their FDCPA claims, the Crescis proceed to assert a litany of alleged wrongdoing under NJSA §45:18-1 including:

- "willfully engaging in other conduct which can reasonably be expected to abuse or harass" [Dkt. 9 at ¶40];

- "attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist" [Dkt. 9 at ¶41]; and

- communicating with the Crescis in connection with the collection of a debt "when Plaintiff and Third Party Defendant[11] knew Plaintiff was represented by an attorney" [Dkt. 9 at ¶42].

Such statements are overly broad and do not provide sufficient facts to remotely indicate what alleged wrongdoing occurred. Again, at no point do the Crescis identify the specific communication that caused the violation, when such communication was made, and by whom such communication was made. Instead, and as they did with all of their other claims, the Crescis set forth a litany of legal conclusions and recitations of sections of the relevant statute in an attempt to manufacture a sufficient claim. The same analysis applies to these deficient claims

---

[11] It is unclear which Third Party Defendant is referenced.

140406.00997/106781151v.1

under N.J.S.A. §45:18 as it does to the Crescis' insufficient FDCPA claims. As a result, such claims must be dismissed.

## G.   Count IV Alleging Violation The FCRA Must Be Dismissed Because a Private Right of Action Has Not Ripened.

Count IV of the Counterclaim alleges that Plaintiff and Bayview violated the FCRA. However, the Crescis do not specify what incorrect information was reported and do not sufficiently state that they disputed the allegedly incorrect information to the consumer reporting agencies. As a result, the FCRA claim is not ripe.

Private consumer enforcement under the FCRA is only available for a breach of section 1681s-2(b),[12] which establishes that a furnisher's obligations that are triggered by a formal

---

[12] 15 U.S.C. § 1681s-2(b)(1) states:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> > (a) conduct an investigation with respect to the disputed information;
> > (b) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> > (c) report the results of the investigation to the consumer reporting agency;
> > (d) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> > (e) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1); for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
> > > i.   modify that item of information;
> > > ii.   delete that item of information; or

section 1681 dispute with a consumer reporting agency ("CRA"). Burrell v. DFS Services, LLC, 753 F. Supp. 2d 438, 448 (D.N.J. 2010). To establish a violation of FCRA under section 1681s-2(b), a plaintiff must prove that she notified a credit reporting agency of the dispute under section 1681i, and that the credit reporting agency notified the party who furnished the information under section 1681i(a)(2), before the furnishing party's duty to investigate or rectify the disputed charge matures. SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 359 (3d Cir. 2011). Liability for any alleged violations under 15 U.S.C. § 1681s-2(b) cannot arise until a credit reporting agency reports an inaccuracy and the furnisher fails to correct the error. Such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b).[13] Thus, any private right of action the Crescis may have under §1681s-2(b) would require proof that a consumer reporting agency notified Plaintiff or Bayview of a dispute pursuant to §1681i(a)(2). Simply put, there is nothing in the Amended Counterclaim to establish that any such notification occurred.

In an attempt to overcome the hurdle of filing an FCRA claim, the Crescis broadly allege as follows: "For purposes of this FCRA allegation, Defendants Cresci triggered the Third Party Defendants as furnisher duty to investigate under 1681s-2(b) by notifying their credit reporting agency of a dispute." [Dkt. 9 at ¶48] Such a statement, by itself, is not enough to establish that a FCRA claim has ripened[14].

Even viewed in the light most favorable to the Crescis, the FCRA claim contains no specific allegations that Plaintiff or Bayview were contacted by a CRA with regard to a dispute raised by Plaintiff. The Amended Counterclaim is silent as to what CRA was contacted, much

---

iii. permanently block the reporting of that item of information.

[13] 15 U.S.C. § 1681s-2(b)(1) ("*After* receiving notice pursuant to [section 1681i(a)(2)] of this title of a dispute . . . ." (emphasis added)).

[14] It is also entirely unclear when the purported dispute was made. As a result, the claim is potentially barred by the applicable statute of limitations.

22

less as to when and how any CRA notified Plaintiff or Bayview of the dispute. The Amended Counterclaim also fails to specify what information Plaintiff or Bayview provided to any CRA, or how such information was incorrect. Without more, the Crescis' allegations are conclusory and fail to state a claim. At the very least, Plaintiff and Bayview must be able to determine what specific reporting is in dispute before they can reasonably be expected to prepare a proper defense. As such, the required elements to maintain a cause of action under the FCRA are not met and Count IV must be dismissed, with prejudice.

## H.     The Crescis' RESPA Claim Fails to State a Claim.

Defendants' fifth count alleges a hodgepodge of purported violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et. seq.  As was the case with all of their other claims, rather than provide sufficient facts to support any wrongdoing under RESPA, Defendants do nothing more than recite several provisions of RESPA and state, in nonspecific manner, that Plaintiff, Bayview and/or Schiller violated them.

For instance, Defendants attempt to assert a claim under 12 U.S.C. 2605(a) by alleging that unspecified Third Party Defendants and "unnamed third parties failed to disclose to the Defendants/Third Party Plaintiffs that the loan was going to be assigned, sold, or transferred." [Dkt. 9 at ¶51.] Defendants next attempt to allege that Bayview "was also violative (sic) of the provisions of 12 U.S.C. 2605, et seq. as they never advised Defendants/Third Party Plaintiff of their required disclosures; (c)(1) and (c)(2) violations as there was no notice with the mandated time after the effective date of the assignment." [Dkt. 9 at ¶53.] Such statements do not meet the Twombly/Iqbal standard because they do not allege what purported transfer occurred that was not properly notified, when the transfer occurred, and between whom the transfer occurred. As with their other claims, Defendants also fail to identify who violated Section 2605, be it Bayview, Plaintiff or Schiller.

23

Defendants also fail to allege sufficient facts to support what appears to be a claim that Plaintiff, Bayview or Schiller did not properly respond to an unspecified qualified written request ("QWR"). Defendants allege that "Third Party Defendants failed to respond to the Defendants/Third Party Plaintiffs inquiries and qualified written requests." [Dkt. 9 at ¶54.] Despite such statement, Defendants do not identify when the purported request was made or who it was made to. They also do not identify the specific issues raised in the QWR and, instead, allege that "Third Party Defendants never bothered to make appropriate corrections including crediting late charges." Without more, the Moving Parties cannot possibly be expected to identify the basis of the QWR related claim or how to respond. As a result, Defendants' RESPA claim must be dismissed for failure to state a claim.

## I.     The Crescis Fail to State a Claim For Defamation.

The Crescis' final count alleges defamation. In support of this claim, the Crescis allege – yet again in vague and sweeping terms – that Plaintiff, Bayview and Schiller "asserted false and defamatory statements concerning Defendants Cresci." [Dkt. 9 at ¶57] Critically, however, and as was the case with all of their other claims, the Crescis do not specifically identify what "false and defamatory statements" were made. Instead, they allege that some unspecified "reports to the CRAs were unprivileged publication of that statement to a third party." Id. They also suggest that the filing of the underlying foreclosure action and the *lis pendens* associated therewith were somehow defamatory. Id.

"The elements of a defamation claim, in addition to damages, are: (1) the defendant made a defamatory statement of fact; (2) of or concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) there was fault." Green v. NCO Inovision, 2010 U.S. Dist. LEXIS 1802, 2010 WL 147934 (D.N.J. January 11, 2010) citing Zheng v. Quest Diagnostics, 248 Fed. Appx. 416, 418 (2007); Feggans v. Billington, 291

24

N.J.Super. 382, 390, 677 A.2d 771 (1996). Aside from the vague statements about unspecified reporting to unidentified CRAs at an unknown time, the Amended Counterclaim is void of any facts sufficient to set forth a defamation claim. There are similarly no facts to suggest that the Plaintiff or Bayview committed defamation simply by filing the Foreclosure Action. As a result, the defamation claim must be dismissed, with prejudice[15].

## J. The Crescis' Twenty-Two (22) Affirmative Defense are Boilerplate and Unsupported and Must be Stricken.

Similar to the six (6) counts in their Amended Counterclaim, the Crescis' twenty-two (22) affirmative defenses are boilerplate legal conclusions that must be stricken. Of the twenty-two (22) defenses, several can be lumped together as broad challenges to Plaintiff's standing or ability to assert a claim for foreclosure[16]. Such claims are clearly unsupported because Plaintiff adequately alleged that (1) the Crescis entered the Mortgage; (2) default occurred on the Mortgage[17], and; (3) Plaintiff is entitled to foreclose by virtue of the assignment chain to the

---

[15] It is also unclear when the alleged "defamation" occurred. A defamation claim has a one year statute of limitations. N.J.S.A. 2A:14-3. Therefore, to the extent any allege actions occurred more than a year after the filing of this action by Plaintiff, it is time barred.

[16] Specifically, Affirmative Defenses 1-3, 7 and 9-11 challenge standing or allege that Plaintiff failed to state a claim.

[17] A prima facie right to foreclosure requires only execution, recordation, and non-payment of the mortgage. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1953). If a defendant's answer and proffered defenses fail to sufficiently challenge the essential elements of the mortgagee's right to foreclose, the mortgagee is entitled to have the answer and defenses stricken. Old Repub. Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995). Since defenses to foreclosure actions are narrow, there is only a limited spectrum of facts which are considered "material" with respect to summary judgment in a mortgage foreclosure case. See, e.g., Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (1994) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises.")

25

Mortgage[18]. Rather than attack the specific allegations of the complaint in the Foreclosure Action, the Crescis instead make bald statements that Plaintiff lacks standing or failed to state a claim. Without more, these affirmative defenses must be stricken.

The Crescis' remaining affirmative defenses, which allege, in part, unclean hands, estoppel, waiver, failure to mitigate, broad claims that "regulatory requirements have been ignored and breached", negligence, statute of frauds, and res judicata are similarly unsupported and boilerplate. For instance, at no point in the Amended Counterclaim do the Crescis indicate how Plaintiff or Bayview acted in a negligent manner. They also provide no facts supporting their position that the Foreclosure Action is barred by res judicata or the statute of frauds. Their defenses alleging fraud and under the statute of limitations are equally boilerplate because at no point do the Crescis identify what fraud Plaintiff or Bayview committed or how the Complaint was untimely. See Poling v. K. Hovnanian Enterprises, et al., 99 F.Supp.2d 502 (D.N.J. 2000) holding that general allegations of fraud against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b). As a result, all of the affirmative defenses alleged by the Crescis must be stricken.

---

[18] "Either possession of the note **or** an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 316 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 255 (App. Div. 2011))(emphasis added).

26

## IV.    CONCLUSION

For the reasons set forth above, all claims and affirmative defenses made by the Crescis against Plaintiff and/or Bayview must be dismissed, with prejudice.  Moreover, Bayview should be dismissed as a party to this action and Plaintiff should be permitted to proceed with the Foreclosure Action.

/s/ Michael P. Trainor
Michael P. Trainor, Esquire
Attorney ID. No. 2932010
Blank Rome LLP
300 Carnegie Center Drive
Suite 220
Princeton, NJ 08540
215-569-5500 (Telephone)
215-569-5555 (Fax)
MTrainor@blankrome.com

27